IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES MICHEAL KNOPE,

        Plaintiff,

v.

JOE E. CAPPS, et al.,

        Defendant.

Case No. 2:18-cv-00294-JE

ORDER TO DISMISS

HERNANDEZ, District Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that he was denied his constitutional right to due process of law during three different disciplinary hearings in 2016. He asserts that the hearings officers in those cases relied solely on confidential informant statements that were not accurate and denied him the opportunity to present his own witnesses or exculpatory evidence. He also alleges that the hearings officer at his final hearing on September 14, 2016 was not an impartial factfinder. He claims that as a result of the unlawful hearings, Defendants sanctioned him with the suspension of his visitation privileges for 365 days as well as placement in the Disciplinary Segregation Unit for an unidentified period. Plaintiff asks the Court to expunge the unidentified disciplinary convictions from his record and award him damages for the sanctions he suffered.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must

2 - ORDER TO DISMISS

contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

Under *Sandin v. Conner*, 515 U.S. 472, 484 (1995), state law creates liberty interests for prisoners only when physical restraints impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In *Sandin*, an inmate was not allowed to present witnesses at a

3 - ORDER TO DISMISS

disciplinary hearing and was ultimately found guilty of the charged infractions. The hearings officer sentenced the inmate to 30 days in disciplinary segregation. The inmate brought suit claiming that he had a protected liberty interest in calling witnesses at his disciplinary hearing.

The Supreme Court determined that the Due Process Clause only protects a prisoner's liberty interest where he is subject to a restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id* at 484. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id* at 485. In so holding, the Court wished to avoid "the involvement of federal courts in the day-to-day management of prisons" which "often squander[s] judicial resources with little offsetting benefit to anyone." *Id* at 482.

In this case, Plaintiff's placement in the Disciplinary Segregation Unit for an unspecified period of time does not give rise to a plausible inference that Defendants subjected him to atypical or significant hardship in relation to the ordinary incidents of prison life. With respect to Plaintiff's implicit allegation that the denial of visitation privileges for 365 days

4 - ORDER TO DISMISS

gives rise to a protected liberty interest, restrictions on visitation privileges do not amount to "a major disruption in [an inmate's] environment" and, thus, cannot support a due process claim. *Sandin*, 515 U.S. at 486. Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an Amended Complaint, Plaintiff may move to voluntarily dismiss this action without prejudice so as to not adversely affect his ability to file *in forma pauperis* cases in the future. *See* 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED this 16 day of March, 2018.

_____
Marco A. Hernandez
United States District Judge